James J. Lepe, J.
The petitioner sues to annul the determination of the Housing and Development Administration of the City of New York and the Tax Commission of the City of New York which resulted in an order denying it a tax abatement based upon the reasonable cost of improvements and alterations.
Martell’s Restaurant Corporation owns the four-story building at 1467 Third Avenue. The street level is, and always has been, occupied as a store. Prior to 1935, each of the upper three floors housed separate apartments. In 1935, the then owner converted two of the apartments into a duplex, leaving the building housing two families with the one street level store. The building remained this way for an unspecified period. In 1965, when the petitioner bought the building, the upper three floors were vacant. Petitioner proceded to alter, modify and improve the building and created six modern apartments on the three upper floors. The exemption and tax abatement for the expenses and costs of this change are claimed under section J51-2.5 of the Administrative Code of the City of New York (as amd. by Local Laws, 1968, No. 53 of City of New York, amdg. subds. b, c, d, g, i, n).
The refusal to grant the abatement was predicated on the determination of respondents that petitioner’s building did not qualify under subdivision b of section J51-2.5, which, as amended in 19-68, states that the abatement is to be allowed where increased assessed valuation results ‘ ‘ from the conversion of any building or structure to a class A multiple dwelling as provided in subdivision d of this section or from alterations and improvements to existing dwellings ”.
An exception to the provision for “ any building ” is “ any private dwelling or non-residential building or structure ’ ’ (-§ J51-2.5, subd. i, par. [2], as amd.). The statute further defines an ‘ ‘ existing dwelling ” as “ except as hereinafter provided in subdivision d, a class A multiple dwelling in existence prior to the commencement of alterations for which tax exemption and abatement is claimed ” (§ J51-2.5, subd. a, par. 2).
It is the contention of the City that petitioner’s building did not qualify as an “ existing dwelling ’ ’ in that it was admittedly not a class A multiple dwelling immediately prior to the alterations. The city does admit that prior to alteration, to wit, 1935, the building did exist as a class A multiple dwelling.
In this contention the city is inserting into the statute an additional qualifying factor that does not exist. The intent of the statute was to induce landowners to improve their buildings and to create new much-needed units in existing buildings. To further this end, the statute should be interpreted to encourage con *993 versions rather than to circumscribe the activity with narrow, limited, strictly structured construction. Thusly construed, petitioner’s building falls within the definition of “existing dwelling ”.
Local Law No. 53 of 1968 amended (among other subdivisions) subdivision b of the statute, in that the old subdivision b referred to the ‘ ‘ conversion of any class A or B multiple dwelling ’ ’, whereas the new subdivision b reads ‘‘ from the conversion of any building ”. The intention was to broaden the coverage afforded by the law. Under this provision petitioner’s building would qualify unless it is considered ‘ ‘ any private dwelling or non-residential building ”.
While this section of the Administrative Code does not define ‘ ‘ private dwelling ’ ’, subdivision 6 of section 4 of the Multiple Dwelling Law defines a ‘ ‘ private dwelling ” as a building ‘ ‘ designed and occupied exclusively for residence purposes by not more than two families.” Considering the nature of the structure and its prior history, together with the fact that the premises are partly occupied by a store, it is clear that the building is not a “ private dwelling ” as that term is used in the statute as well as in common usage (see Rosario v. Koss, 26 A D 2d 561, mod. on other grounds 26 A D 2d 590). It is equally clear that the building is not a ‘ ‘ non-residential ’ ’ structure. The fact that the building was not being put to residential use immediately prior to the renovation does not deprive it of the basic character for which it was constructed — part commercial and part residential.
The determination of the respondents was arbitrary and capricious and not based in law and fact. The motion is, in all respects, granted.